1
2
3
4                       UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6

7   BRYANT FAMILY VINEYARD,                    Case No.  16-cv-00125-JST
              Plaintiff,
8
         v.                                    **ORDER GRANTING MOTION TO
9                                              DISMISS FOR INSUFFICIENT
    UNITED PARCEL SERVICE, INC.,               PROCESS**
10
              Defendant.                       Re: ECF No. 14
11

12          Before the Court is Defendant United Parcel Service, Inc.'s ("UPS") Motion to Dismiss

13  Plaintiff Bryant Family Vineyard's Petition to Vacate Arbitration Award for Insufficient Process.

14  For the reasons stated below, the Court will grant the motion.

15  **I.      BACKGROUND**

16          Plaintiff seeks in its petition to vacate an arbitration award resulting from its dispute with

17  UPS over the alleged theft of 51 cases of wine.  Plaintiff alleges in its petition that it is a "small

18  winery with only a few employees [that] specializes in high-end wines," and that it "only makes

19  five to six large deliveries per year."  ECF No. 1-3 ("Petition") at 6.  It alleges that on November

20  4, 2013, UPS arrived for a pre-scheduled pickup of nine pallets of wine.  Id. at 6-7.  There is no

21  dispute that the wine was picked up on November 4, but that the wine did not reach its intended

22  destination.  Id. at 7.  The value of the shipment was $130,050.  Id.

23          The parties arbitrated the dispute and appeared before the arbitrator, Richard Collier, on

24  July 21, 2015.  Id. at 5.  On August 28, 2015, the arbitrator issued an award of $0 to Plaintiff and

25  ordered the arbitration fees to be borne equally.  Id.

26          The gravamen of Plaintiff's petition here is that Mr. Collier was biased against Plaintiff by

27  virtue of another, unrelated matter in which both Mr. Collier and Plaintiff's attorney, James Rose,

28  represented adverse parties that were participating in mediation.  Mr. Collier brought the other

United States District Court
Northern District of California

case to the parties' attention, and "the agreement was that this conflict would be waived so long as the arbitration and subsequent award were completed prior to the resolution of the other matter and that the Arbitrator could maintain neutrality through the process." <u>Id.</u> at 5.  However, "[w]hile the arbitration concluded prior to the mediation in the unrelated matter, the Award was not issued until the day of the mediation, or in all likelihood, the Monday following the mediation's conclusion." <u>Id.</u> at 5.  In its opposition to the instant Motion to Dismiss, Plaintiff elaborates further: "Mr. Rose agreed that Mr. Collier could arbitrate the UPS dispute, provided that he remained neutral through the arbitration proceedings and that he would disqualify himself if the <u>George Estate</u> matter became contentious or confrontational." ECF No. 17 at 2.  However, after the mediation in the unrelated case was completed at 8:15 p.m., "Mr. Collier and his client were very unhappy about the outcome," and Mr. Collier sent Mr. Rose "an angry email that begins 'I write to you in great consternation' which says that Mr. Collier's client felt Mr. Rose's clients had been slandering her." <u>Id.</u> at 3.  At that point, Plaintiff argues that Mr. Collier should have recused himself from the arbitration in this case.  <u>Id.</u>

## II.      LEGAL STANDARD

Courts lack jurisdiction over defendants who have not been properly served under the Federal Rules of Civil Procedure.  <u>S.E.C. v. Ross</u>, 504 F.3d 1130, 1138 (9th Cir.2007). Accordingly, Rules 12(b)(4) and 12(b)(5) provide a mechanism by which a court may dismiss an action for insufficiency of service of process.  "Rule 12(b)(4) enables the defendant to challenge the substance and form of the summons, and 12(b)(5) allows the defendant to attack the manner in which service was, or was not, attempted." <u>Bothwell v. Brennan</u>, No. C-13-5439 JSC, 2014 WL 953500, at *2 (N.D. Cal. Mar. 6, 2014).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid." <u>Brockmeyer v. May</u>, 383 F.3d 798, 801 (9th Cir. 2004).  "If the plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process." <u>Bothwell</u>, 2014 WL 953500, at *2 (citing <u>Stevens v. Sec. Pac. Nat'l Bank</u>, 538 F.2d 1387, 1389 (9th Cir. 1976)).  "While Rule 4's requirements for the form and contents of the summons itself are construed liberally, requirements for the manner of service are strictly interpreted." <u>Verde Media Corp. v. Levi</u>, No. 14-CV-00891

1  YGR, 2014 WL 3372081, at *2 (N.D. Cal. July 9, 2014).

2  **III.      DISCUSSION**

3          UPS argues that Plaintiff's petition must be dismissed because Plaintiff failed to properly

4  serve UPS pursuant to California Code of Civil Procedure §§ 1290.4(b) and 1288.[1]  ECF No. 14-2

5  at 2-5.  Cal. Civ. Proc. Code § 1290.4 states:

6              (a) A copy of the petition and a written notice of the time and place of the hearing
            thereof and any other papers upon which the petition is based shall be served in the
7          manner provided in the arbitration agreement for the service of such petition and
            notice.

8
            (b) If the arbitration agreement does not provide the manner in which such service
9          shall be made and the person upon whom service is to be made has not previously
            appeared in the proceeding and has not previously been served in accordance with
10        this subdivision:

11          (1) Service within this State shall be made in the manner provided by law for the
            service of summons in an action.

12
            (2) Service outside this State shall be made by mailing the copy of the petition and
13        notice and other papers by registered or certified mail. Personal service is the
            equivalent of such service by mail. Proof of service by mail shall be made by
14        affidavit showing such mailing together with the return receipt of the United States
            Post Office bearing the signature of the person on whom service was made.
15        Notwithstanding any other provision of this title, if service is made in the manner
            provided in this paragraph, the petition may not be heard until at least 30 days after
16        the date of such service.

17  Cal. Civ. Proc. Code § 1288 states that "[a] petition to vacate an award or to correct an award shall

18  be served and filed not later than 100 days after the date of the service of a signed copy of the

19  award on the petitioner."

20          UPS asserts that Plaintiff served UPS by e-mailing a copy to UPS's counsel on December

21  10, 2015, which was 101 days after the date of service of the arbitration award.  ECF No. 14-2 at

22  2-3.  Plaintiff does not dispute that this method of service failed to comply with Cal. Civ. Proc.

23  Code § 1290.4(b)(1) and (2), or that service occurred beyond the 100 days permitted by § 1288.

24  Instead, it offers two arguments as to why service is proper.  First, Plaintiff argues that the

25  arbitration was governed by UPS's Tariff/Terms and Conditions of Service Effective January 23,

26  2014 ("2014 Tariff"), which contains an arbitration agreement and a provision incorporating the

27  _____

28  [1] Pursuant to Cal. Civ. Proc. Code § 1286.4(a), a court may not vacate an arbitration award unless
"[a] petition or response requesting that the award be vacated has been duly served and filed."

United States District Court
Northern District of California

United States District Court
Northern District of California

1   American Arbitration Association's ("AAA") Rules.  ECF No. 17 at 4; see also ECF No. 17-1

2   ("2014 Tariff") at 47.  Those rules allow for service via e-mail.  Therefore, the argument goes,

3   under Cal. Civ. Proc. Code § 1290.4(a), the petition was properly served.  ECF No. 17 at 4.

4   Second, it argues that pursuant to California Code of Civil Procedure § 1010.6(a)(4), its time for

5   serving the petition was extended by two days as a result of the decision to serve the arbitration

6   agreement electronically.  ECF No. 17 at 4 n.3.  The Court addresses each of these arguments in

7   turn.

8       **A.      Cal. Civ. Proc. Code § 1290.4 and the 2014 Tariff**

9       UPS's 2014 Tariff's arbitration provision is contained in section 50 of the agreement, and

10  states that any arbitration "shall be conducted by the American Arbitration Association (AAA) in

11  accordance with its Commercial Arbitration Rules and the Supplementary Procedures for

12  Consumer-Related Disputes (the 'Rules')."  2014 Tariff, ECF No. 17-1 at 47.  Rule R-43 of the

13  AAA Commercial Arbitration Rules state that "(a) Any papers, notices, or process necessary or

14  proper for the initiation or continuation of an arbitration under these rules, for any court action in

15  connection therewith . . . may be served on a party by mail addressed to the party or its

16  representative," and further that "(b) The AAA, the arbitrator, and the parties may also use

17  overnight delivery or electronic facsimile transmission (fax), or electronic (e-mail) to give the

18  notices required by these rules.  Where all parties and the arbitrator agree, notices may be

19  transmitted by e-mail or other methods of communication."  ECF No. 17-1 at 82.  Plaintiff

20  therefore argues that the parties agreed, through the 2014 Tariff, to accept service by e-mail, and

21  that service of the petition was proper under Cal. Civ. Proc. Code 1290.4(a).  ECF No. 17 at 5.

22      UPS responds by arguing that the 2014 Tariff is not applicable to the arbitration.  ECF No.

23  22 at 2-5.  It points to an earlier version of the tariff agreement dated July 8, 2013 ("2013 Tariff"),

24  and argues that the 2013 Tariff was applicable "because that was the Tariff in effect as of

25  November 4, 2013 — the date of the subject shipment."  Id. at 3.  Indeed, both the 2013 and 2014

26  versions of the tariff agreement begin with an introduction that states: "In tendering a shipment for

27  service, the shipper agrees that the version of the Terms and the applicable Service Guide *in effect*

28  *at the time of shipping* will apply to the shipment and its transportation."  2014 Tariff, ECF No.

4

1    17-1 at 10 (emphasis added); see also ECF No. 22-3 at 10 ("2013 Tariff").

2         This point is important because the 2013 Tariff, unlike the 2014 version, does not include a

3    provision incorporating the AAA rules.  Thus, under the 2013 Tariff, there would be no agreed-

4    upon alternative form of service that would be acceptable pursuant to section 1290.4(a).

5         Plaintiff offers two responses.[2]  First, it argues that the 2013 Tariff states that "UPS

6    reserves the right to unilaterally modify or amend any portion of the Service Guide or the Terms at

7    any time without prior notice," and that "the most current and controlling version of the Terms is

8    published at www.ups.com."  ECF No. 30 at 2 (quoting 2013 Tariff, ECF No. 22-3 at 10).

9    Plaintiff therefore seems to contend that by publishing the newer 2014 version of the tariff

10   agreement, UPS was exercising its right to modify the 2013 Tariff and replace it with the current,

11   controlling 2014 Tariff.

12        However, this argument does not refute UPS's central conclusion.  More specifically, UPS

13   is not arguing that the 2014 Tariff was not the most current and controlling agreement ─ on the

14   contrary, it cites to the 2014 Tariff's introduction in support of its position.  See ECF No. 22 at 3.

15   Rather, UPS contends that under *both* the 2014 and 2013 Tariff, the applicable terms to any given

16   shipment are the ones that were in effect at the time of that shipment.  In this case, the applicable

17   terms are the 2013 Tariff.[3]

18        Second, Plaintiff argues that even if the 2013 Tariff applies, UPS's participation in the

19   AAA arbitration means that it "is [e]stopped to [r]eject the AAA Rules."  ECF No. 30 at 3.

20   Plaintiff notes that the 2013 Tariff in fact contains no arbitration provision at all, but that the

21   parties nevertheless participated in and completed their arbitration proceedings.  Id. at 1-3.  It also

22   notes that the arbitrator stated that he was conducting the arbitration in accordance with the

23

24   [2] Plaintiff requested and was granted leave to file a surreply.  See ECF Nos. 26, 28.
     [3] At oral argument, Plaintiff also asserted that the 2014 Tariff affirmatively stated that its terms
25   were applicable to a dispute regardless of the date of accrual of that dispute.  Plaintiff cited to a
     provision of the 2014 Tariff that states: "[A]ny controversy or claim, whether at law or equity,
26   arising out of or related to the provision of services by UPS, regardless of the date of accrual of
     such dispute, shall be resolved in its entirety by individual (not class-wide nor collective) binding
27   arbitration."  ECF No. 17-1 at 46.  As an initial matter, this provision does not state that all
     provisions of the 2014 Tariff apply, but merely that the parties must submit to arbitration
28   generally.  Further, the Court is not convinced that this provision operates to override the separate,
     far broader provision that the applicable tariff is the one in effect at the time of shipment.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   parties' agreement.  Id. at 2-3.  Plaintiff therefore argues that even if the 2014 Tariff does not

2   apply, UPS has "orally agree[d] to binding arbitration" by virtue of submitting to the arbitration

3   and the arbitrator's authority, and "is judicially estopped to deny its agreement to arbitrate."  Id. at

4   3.  Citing to Ninth Circuit and California law, it asserts that "a party's conduct may confer

5   authority upon the arbitrator over a dispute."  Id. (citing Nghiem v. NEC Elec., Inc., 25 F.3d 1437,

6   1440 (9th Cir. 1994); Law Offices of Ian Herzog v. Law Offices of Joseph M. Fredrics, 61 Cal.

7   App. 4th 672, 680 (1998)).  The desired upshot of Plaintiff's argument is that UPS, through its

8   conduct, has implicitly agreed – or at least, is judicially estopped from now asserting that it did not

9   agree – to conduct arbitration in accordance with AAA rules.

10          This argument is unpersuasive.  It is true that the Ninth Circuit has previously held that a

11  party may be bound to an arbitration award if its conduct indicates it agreed to arbitrate.  See, e.g.,

12  Nghiem, 25 F.3d at 1440 (when a party "initiated the arbitration, attended the hearings with

13  representation, presented evidence, and submitted a closing brief," it has "submit[ted] to the

14  authority of the arbitrator" and "cannot suddenly change his mind and assert lack of authority");

15  Fortune, Alsweet & Eldridge, Inc. v. Daniel, 724 F.2d 1355, 1357 (9th Cir. 1983) ("We have long

16  recognized a rule that a party may not submit a claim to arbitration and then challenge the

17  authority of the arbitrator to act after receiving an unfavorable result.").  But UPS is not trying to

18  avoid an unfavorable arbitration award – rather, it is Plaintiff who is doing that.  UPS is not

19  contesting that it agreed to arbitrate; it is arguing that it is not bound by a *particular arbitration

20  agreement* that includes a provision incorporating the AAA rules regarding service.  The

21  distinction is critical.  For Plaintiff's service to be proper under Cal. Civ. Proc. Code § 1290.4(a),

22  it is not enough for the parties merely to have agreed to arbitrate generally; they must have agreed

23  to arbitrate pursuant to an agreement that "provide[s]" for "the manner" in which a petition to

24  vacate an award "shall be served."  Plaintiff's cited case law does not hold otherwise.[4]

25  _____

26  [4] Plaintiff further suggests that the parties "participated in the AAA arbitration and thereby
    conferred authority on the "American Arbitration Association . . . under its Commercial
27  Arbitration Rules," pursuant to Rule R-1(a).  ECF No. 30 at 3.  That rule states that "[t]he parties
    shall be deemed to have made these rules a part of their arbitration agreement whenever they have
28  provided for arbitration by the American Arbitration Association (hereinafter AAA) under its
    Commercial Arbitration Rules."  ECF No. 17-1 at 66.  Because the parties did not "provide for"

1    Additionally, UPS notes that it asserted at several points during the arbitration, including in

2    its Motion for Summary Judgment and its Trial Brief, that the 2013 Tariff applied to the shipment

3    at issue, apparently without any objection from Plaintiff.  ECF No. 22 at 3, 5.  At best, then, it

4    appears both parties failed to dispute which tariff agreement should apply to the arbitration

5    proceedings.  This fact significantly undercuts Plaintiff's argument that UPS should be estopped

6    from now taking its position that the 2014 Tariff does not apply.

7    In sum, Plaintiff has not demonstrated that its manner of service was proper under

8    California law.

9    **B.      Cal. Civ. Proc. Code §§ 1288 and 1010.6(a)(4)**

10   UPS's motion to dismiss must also be granted for the independent reason that Plaintiff's

11   petition was not timely served under Cal. Civ. Proc. Code § 1288.  As noted above, Plaintiff does

12   not dispute that its petition was served one day past the 100-day window established by Cal. Civ.

13   Proc. Code § 1288.  Instead, it argues that its service deadline was extended by two days pursuant

14   to section 1010.6(a)(4), as a result of service of the final arbitration award being conducted by e-

15   mail.

16   Section 1010.6 sets out the process for serving documents electronically, and begins: "(a)

17   A document may be served electronically in an action filed with the court as provided in this

18   section, in accordance with rules adopted pursuant to subdivision (e)."  Section 1010.6(a)(4) then

19   provides:

20   Electronic service of a document is complete at the time of the electronic
transmission of the document or at the time that the electronic notification of
21   service of the document is sent. However, any period of notice, or any right or duty
to do any act or make any response within any period or on a date certain after the
22   service of the document, which time period or date is prescribed by statute or rule
of court, *shall be extended after service by electronic means by two court days*, but
23   the extension shall not apply to extend the time for filing any of the following…

24   Cal. Civ. Proc. Code § 1010.6(a)(4) (emphasis added).  Plaintiff argues that because the arbitration

25   award was served on the parties on August 31, 2015 by e-mail, section 1010.6(a)(4) gave it 102

26   days to serve its petition, or until December 11, 2015.

27

28

arbitration by the AAA under the 2013 Tariff, this rule does not apply.

7

UPS responds that section 1010.6 is not applicable because it applies only to documents "served electronically in an action *filed with the court*," Cal. Civ. Proc. Code § 1010.6(a) (emphasis added), and the arbitration award was not such a document. The Court agrees with this interpretation of the section. See Insyst, Ltd. v. Applied Materials, Inc., 170 Cal. App. 4th 1129, 1136-37 (2009) (applying section 1010.6 to a notice of entry of judgment filed by court clerk); Kahn v. The Dewey Grp., 240 Cal. App. 4th 227, 235 (2015) (applying section 1010.6 to a party's electronic service of notice of entry of judgment).

Plaintiff counters by pointing to Cal. Civ. Proc. Code § 1010.6(a)(2), which states that "[i]f a document may be served by mail, express mail, overnight delivery, or facsimile transmission, electronic service of the document is *authorized when a party has agreed to accept service electronically in that action.*" (emphasis added). It relies on its argument, described above, that UPS has implicitly agreed to accept service electronically. ECF No. 30 at 4. This assertion misses the point. Section 1010.6(a)(2) is irrelevant because, as Plaintiff points out, all provisions of section 1010.6(a) apply only to documents "filed with the court."

Accordingly, the Court concludes that Plaintiff has not timely filed its petition under Cal. Civ. Proc. Code § 1288.

## CONCLUSION

For the foregoing reasons, Plaintiff has not met its burden of demonstrating valid manner and timeliness of service of its petition. This Court therefore lacks jurisdiction over the manner and must dismiss it.

The petition is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: April 11, 2016

_____
JON S. TIGAR
United States District Judge